IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL ACTION |
| v. | ) No. 11-20041-01-KHV |
| RUBEN JAMES ZELLER, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On September 27, 2011, defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(2) and 924(e). On December 21, 2011, the Court sentenced defendant to 200 months in prison. Defendant did not appeal or file a motion under 28 U.S.C. § 2255. This matter is before the Court on defendant's Motion For Appointment Of Counsel And Evidentiary Hearing (Doc. #41) and his Motion For Relief From Judgment [Under] Rule 60(b) (Doc. #42), both filed March 11, 2019. For reasons stated below, the Court overrules defendant's motion to appoint counsel and set an evidentiary hearing, and directs defendant to file a memorandum that states whether he agrees to have his motion for relief from judgment construed as a motion under 28 U.S.C. § 2255 or chooses to withdraw it.

## Analysis

**I.  Motion For Relief From Judgment (Doc. #42)**

Initially, the Court addresses how defendant's motion for relief from judgment should be construed. Defendant attempts to bring his motion under Rule 60(b) of the Federal Rules of Civil Procedure. The relief sought – not a motion's title – determines how the Court should construe a motion. United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015); United States

v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Rule 60(b) of the Rules of Civil Procedure does not authorize the Court to reconsider a conviction and sentence in a criminal case. See United States v. Johnson, 159 F. App'x 835, 838-39 (10th Cir. 2005) (Rule 60(b) does not provide relief from judgment in criminal case). After any direct appeal in a criminal action, defendant's exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Here, defendant asks the Court to resentence him because he no longer qualifies for an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Defendant has not alleged or shown that his claim could not have been brought under Section 2255 or that his remedy under Section 2255 is otherwise inadequate or ineffective. Because defendant's claim in substance and effect asserts federal grounds for relief from his underlying conviction and sentence, his exclusive remedy is under Section 2255. Accordingly, except as provided under 28 U.S.C. § 2255, the Court lacks jurisdiction to grant relief on his claim. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).

The docket reflects that defendant's motion for relief from judgment was docketed as one under 28 U.S.C. § 2255. The designation of the motion as a Section 2255 motion was premature.[1] If a pro se federal prisoner has not previously filed a Section 2255 petition, the Court should not recharacterize a document as a Section 2255 petition unless the Court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject

---

[1] The government acknowledges that before the Court recharacterizes defendant's motion as one under Section 2255, it should advise defendant of the consequences of doing so. See Government's Response To Defendant's Motion For Relief From Judgment [Under] Rule 60(b) (Doc. #44) filed June 13, 2019 at 5-6.

subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro v. United States, 540 U.S. 375, 377 (2003); see United States v. Kelly, 235 F.3d 1238, 1241 (10th Cir. 2000) (district court should not sua sponte recharacterize document as initial Section 2255 motion because "subsequent § 2255 motion would be considered successive" and barred except "in very limited circumstances"); see also United States v. Holly, 435 F. App'x 732, 735 (10th Cir. 2011) (rule ensures that district court does not "use[ ] up" defendant's "one shot at attacking his convictions and sentence" by recharacterizing document as § 2255 motion).

Defendant apparently received notice that the Clerk had docketed his motion for relief from judgment as a Section 2255 motion and he has not objected. Even so, he should have an opportunity to object after receiving notice that if the Court construes his motion as a Section 2255 motion, any subsequent Section 2255 motions will be subject to restrictions on second or successive motions. In particular, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). A second or successive motion under Section 2255 may be filed in the district court only after the court of appeals certifies that the motion is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

On or before October 4, 2019, defendant shall file a memorandum that states whether he

(1) agrees to have his Motion For Relief From Judgment [Under] Rule 60(b) (Doc. #42) construed as a motion under 28 U.S.C. § 2255 or (2) chooses to withdraw it. If defendant agrees to have his motion construed as a Section 2255 motion, the Court will set a deadline for him to amend his motion so that he can raise any other claims in his initial motion without the potential bar that applies to second or successive motions. If defendant does not file a response by October 4, 2019, the Court will consider his motion for relief from judgment under Rule 60(b) as having been withdrawn and will not address it.

## II. Motion To Appoint Counsel And Set An Evidentiary Hearing (Doc. #41)

Defendant seeks appointment of counsel to assist with his motion for relief from judgment. In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. As explained above, unless defendant agrees to have his motion for relief from judgment construed as a Section 2255 motion, the Court lacks jurisdiction to grant relief on his claim. Moreover, even if defendant agrees to have his motion for relief from judgment construed as a Section 2255 motion, his claim is not particularly complex factually or legally, and he is able to adequately present his claim. For these same reasons, at this stage, defendant has not shown that an evidentiary hearing is necessary. Accordingly, the Court overrules defendant's motion to appoint counsel and set an evidentiary hearing.

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel And Evidentiary Hearing (Doc. #41) filed March 11, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED that on or before October 4, 2019, defendant shall file**

**a memorandum that states whether he (1) agrees to have his <u>Motion For Relief From Judgment [Under] Rule 60(b)</u> (Doc. #42) filed March 11, 2019 construed as a motion under 28 U.S.C. § 2255 or (2) chooses to withdraw that motion. If defendant agrees to have his motion construed as a Section 2255 motion, the Court will set a deadline for him to amend his motion. If defendant does not file a response by October 4, 2019, the Court will consider his <u>Motion For Relief From Judgment [Under] Rule 60(b)</u> (Doc. #42) as having been withdrawn and will not address it.**

Dated this 6th day of September, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge