# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUBEN JAMES ZELLER, ) <br> ) <br> Defendant. ) <br> _____) | CRIMINAL ACTION <br><br> No. 11-20041-01-KHV |

## MEMORANDUM AND ORDER

On September 27, 2011, defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(2) and 924(e). On December 21, 2011, the Court sentenced defendant to 200 months in prison. This matter is before the Court on defendant's Amended [Motion To Vacate Sentence Under] 28 U.S.C. § 2255 (Doc. #49) filed October 30, 2019. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

## Factual And Procedural Background

On November 16, 2010, the District Court of Douglas County, Kansas sentenced defendant to 16 months in prison for criminal threats intended to terrorize.

On May 18, 2011, a grand jury charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). See Indictment (Doc. #1). On September 27, 2011, defendant pled guilty under a plea agreement which proposed a sentence of 180 months under Rule 11(c)(1)(C), Fed. R. Crim. P. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21). After the Court rejected the parties' proposed sentence of 180 months, defendant pled guilty under Rule 11(c)(1)(B) with a plea agreement which

recommended a sentence of 180 months.  Plea Agreement (Doc. #29) filed December 21, 2011, ¶ 3.

The statutory range for an offense under Section 922(g)(1) is up to ten years in prison. 18 U.S.C. § 924(a)(2).  Because defendant had three prior convictions for violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), however, he was subject to an enhanced statutory range of 180 months to life.  See 18 U.S.C. § 924(e)(1).  Based on defendant's classification as an armed career criminal and the fact that he had used the firearm in connection with a crime of violence, his base offense level was 34.  See Presentence Investigation Report (Doc. #28) filed December 21, 2011, ¶ 38; U.S.S.G. § 4B1.4(b)(3)(B).  Defendant received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31.  See Presentence Investigation Report (Doc. #28), ¶ 39.  Defendant's total offense level of 31, with a criminal history category VI, resulted in a guideline range of 188 to 235 months in prison.  See id., ¶ 89.

On December 21, 2011, the Court sentenced defendant to 200 months in prison.  See Judgment In A Criminal Case (Doc. #30).  Consistent with the parties' recommendation, the Court intended that the federal sentence would run concurrent with the sentence that defendant was serving at the time in the Kansas Department of Corrections (Douglas County No. 10CR1621) and concurrent with any sentence to be imposed in a case to be filed in Shawnee County, Kansas. Because defendant's mother lived in Kansas, he wanted to serve his time at a state facility near her residence.  Accordingly, the United States Attorney, the Shawnee County District Attorney and defendant agreed that after he was sentenced in federal court, the Shawnee County District Attorney would charge him with the crime of attempted murder in the second degree, he would plead guilty to that charge and the sentence on that charge would run concurrently with his federal

sentence.  See Plea Agreement (Doc. #29), ¶ 3.

On February 9, 2012, in the District Court of Shawnee County, Kansas, defendant entered a nolo contendere plea to attempted murder in the second degree.  On March 1, 2012, the District Court of Shawnee County sentenced him to 162 months in prison, concurrent to his sentence in this case.  Defendant is presently in state custody.

On March 11, 2019, defendant filed a Motion For Relief From Judgment [Under] Rule 60(b) (Doc. #42), which he later agreed should be construed as a motion to vacate sentence under 28 U.S.C. § 2255.  See Memorandum To Have Defendant's Motion For Relief From Judgment [Under] Rule 60(b) Construed As A Motion Under 28 U.S.C. § 2255 (Doc. #47) filed September 26, 2019.  On October 30, 2019, defendant filed an Amended [Motion To Vacate Sentence Under] 28 U.S.C. § 2255 (Doc. #49).  The Court liberally construes defendant's amended motion, along with the arguments in his Rule 60(b) motion, and understands that defendant asks the Court to resentence him because under existing Supreme Court precedent, he no longer qualifies for an enhanced sentence under the ACCA.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant asks the Court to resentence him because he no longer qualifies for an enhancement under the ACCA, 18 U.S.C. § 924(e).  In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause portion of the "violent felony" definition under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine.  135 S. Ct. at 2557-60, 2563.  The Supreme Court later held that Johnson was

-3-

retroactive to cases on collateral review.  See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).  Defendant does not cite Johnson, but he claims that two of his three prior convictions no longer qualify as violent felonies under the ACCA.[1]  Accordingly, the Court construes defendant's claim as one asserting a right that the Supreme Court initially recognized in Johnson.

The government asserts that defendant's motion is untimely.  See Response To Defendant's Motion For Relief Pursuant To 28 U.S.C. § 2255 (Doc. #52) filed November 25, 2019 at 4–7.  Section 2255 provides a one-year period of limitation.  The limitation period runs from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant asserts that his motion is timely either under (1) Section 2255(f)(2) because the government—through the plea agreement and its agreement to have state officials bring an

---

[1] Defendant cites Mathis v. United States, 136 S. Ct. 2243 (2016), which addressed the appropriate judicial inquiry under the elements clause of the "violent felony" definition in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i).  In Mathis itself, however, the Supreme Court noted that it was not announcing a new rule because prior precedent dictated the result in that case.  136 S. Ct. at 2257 ("For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.").  Moreover, in the context of collateral review of an ACCA conviction, Mathis is relevant only after the movant has established a Johnson error.  See United States v. Lewis, 904 F.3d 867, 873 (10th Cir. 2018).

additional charge—prevented him from timely filing a motion or (2) Section 2255(f)(3) because the extraordinary nature of the plea agreement tolled the limitation period. See Amended [Motion To Vacate Sentence Under] 28 U.S.C. § 2255 (Doc. #49) at 1 (extraordinary circumstances because defendant's counsel, U.S. Attorney and Shawnee County District Attorney entered agreement to have additional charge filed against him solely so that he could remain close to mother who was in failing health); id. at 2 (agreement to have additional state charge brought against defendant "improper and impeded" his ability to otherwise bring timely claim that two prior convictions do not qualify as predicate offenses under ACCA); id. (unprecedented terms of plea agreement and agreement between federal and state officials "impeded defendant's ability to bring his claim"). As explained below, defendant is not entitled to tolling of the statutory deadline under either theory.

I.     Tolling Under Section 2255(f)(2) Based On Government Conduct

Under Section 2255(f)(2), the one year deadline does not run until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). Defendant asserts that the unprecedented terms of the agreement to have state officials bring an additional charge against him impeded his ability to file a motion earlier. Defendant has not specifically alleged how the nature of the agreement—which accommodated his request to be incarcerated at a facility near his mother—prevented him from filing a motion to vacate. See United States v. Thody, 460 F. App'x 776, 781 (10th Cir. 2012) (Section 2255(f)(2) requires that impediment "actually prevented" defendant from filing motion); see also Weibley v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002) (tolling not available absent specific facts that demonstrate how denial of legal materials impeded ability to file habeas

petition; interpreting analogous government impediment provision of 28 U.S.C. § 2244(d)(1)(B)). Indeed, because defendant ultimately filed his motion despite the unusual agreement, he obviously cannot establish that the nature of the agreement prevented him from doing so. See Garcia v. Hatch, 343 F. App'x 316, 318-19 (10th Cir. 2009) (petitioner must show that impediment prevented him from filing timely habeas petition; insufficient to show that quality of petition might have been improved absent impediment; interpreting analogous government impediment provision of 28 U.S.C. § 2244(d)(1)(B)); Gantt v. United States, No. 11-6191-RBK, 2014 WL 6471478, at *3 (D.N.J. Nov. 18, 2014) (government did not impede petitioner because he filed petition without materials he sought and materials would not have substantially changed claims raised). Accordingly, defendant is not entitled to tolling under Section 2255(f)(2).

## II.     Equitable Tolling Of Deadline Under Section 2255(f)(3)

Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of the date on which the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As explained above, in Johnson, the Supreme Court initially recognized the right that defendant asserts in his Section 2255 motion. Accordingly, defendant had until June 27, 2016, one year after the Supreme Court decided Johnson, to raise his challenge to the enhancement of his statutory range under the ACCA. Defendant first raised his claim in March of 2019, some 32 months after the deadline in Section 2255(f)(3).

Defendant apparently seeks equitable tolling based on the unusual plea agreement which contemplated that state authorities would bring an additional charge solely so that he could be incarcerated at a state facility close to his mother. Equitable tolling is available when an inmate

diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to timely file. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling warranted only in "rare and exceptional circumstances"). Examples of circumstances that warrant equitable tolling include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." Gibson, 232 F.3d at 808 (citations omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quotation marks and citation omitted).

Defendant has not explained what steps he took to pursue his challenge under the ACCA before he filed his motion in March of 2019. See id. at 930 (movant must allege with specificity steps he took to diligently pursue claims). In addition, while defendant suggests that the plea agreement was extraordinary, he has not explained how the nature of the agreement caused the delay in filing his claim. See United States v. Barger, 784 F. App'x 605, 608 (10th Cir. 2019) (extraordinary circumstance must be "a but-for cause" of delay in seeking habeas relief) (quotation marks and citation omitted); see also United States v. Martinez, 303 F. App'x. 590, 596 (10th Cir. 2008) (tolling under Section 2255 not available absent details regarding restrictions on access to legal materials and how such restrictions hindered ability to file motion). Therefore, defendant is not entitled to tolling of the statutory deadline under Section 2255(f)(3).

### III. Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Amended [Motion To Vacate Sentence Under] 28 U.S.C. § 2255 (Doc. #49) filed October 30, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 6th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).