IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | |
| RUBEN JAMES ZELLER, | ) | No. 11-20041-01-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On December 21, 2011, the Court sentenced defendant to 200 months in prison.  He is currently in state custody.   This matter is before the Court on defendant's letter (Doc. #54) filed April 27, 2021, which the Court construes as a motion for transfer to a federal prison.   For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On November 16, 2010, the District Court of Douglas County, Kansas sentenced defendant to 16 months in prison for criminal threats intended to terrorize.  On December 21, 2011, this Court sentenced defendant to 200 months in prison for being a felon in possession of a firearm. See Judgment In A Criminal Case (Doc. #30).   Consistent with the parties' recommendation, the Court intended that the federal sentence would run concurrent with the Douglas County sentence that defendant was serving at the time and concurrent with any sentence to be imposed in a case to be filed in Shawnee County, Kansas.   Because defendant's mother lived in Kansas, he wanted to serve his time at a state facility near her residence.   Accordingly, the U.S. Attorney, the Shawnee County District Attorney and defendant agreed that after he received his federal sentence, the Shawnee County District Attorney would charge him with the crime of attempted murder in the second degree, he would plead guilty to that charge and the sentence on that charge would run

concurrently with his federal sentence.  See Plea Agreement (Doc. #29), ¶ 3.  On February 9, 2012, in the District Court of Shawnee County, Kansas, defendant entered a nolo contendere plea to attempted murder in the second degree.  On March 1, 2012, the District Court of Shawnee County sentenced him to 162 months in prison, concurrent with his sentence in this case.  Defendant is presently in state custody at Lansing Correctional Facility in Lansing, Kansas.

## Analysis

Defendant seeks a transfer from Lansing Correctional Facility to a Bureau of Prisons facility so that he can access rehabilitation and training programs offered in the federal system.  When a grand jury returned an indictment in this case, defendant was in state custody.   Although this Court issued a writ of habeas corpus ad prosequendum, Writ Of Habeas Corpus (Doc. #4) filed May 27, 2011, the State of Kansas retained primary jurisdiction.  Hernandez v. U.S. Attorney Gen., 689 F.2d 915, 918 (10th Cir. 1982) (when state officials temporarily transferred custody over prisoner for federal proceedings pursuant to writ of habeas corpus ad prosequendum, they "did not relinquish jurisdiction" over prisoner); see also Wiseman v. Wachendorf, 984 F.3d 649, 654 (8th Cir. 2021) (federal government's movement of prisoner while "on loan" from state does not show United States assumed primary jurisdiction); Binford v. United States, 436 F.3d 1252, 1256 (10th Cir. 2006) (defendant in temporary custody until sentencing; federal authorities held him only pursuant to original writ and order).   After the Court sentenced defendant in this case, the Attorney General transferred him back to the State of Kansas.  Because the State of Kansas has primary jurisdiction and federal authorities only temporarily held defendant until sentencing in this case,

this Court lacks authority to order his transfer to federal custody.[1]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #54) filed April 27, 2021, which the Court construes as a motion for transfer to a federal prison, is **OVERRULED**.

Dated this 14th day of May, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

[1] As explained above, defendant's federal sentence runs concurrent with his state sentence. Currently, he is accruing time served against his federal sentence, which will expire in approximately January of 2026. If state authorities release defendant before his federal term expires, Bureau of Prisons could transfer him to a federal facility at that time.